UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL ENSLEY,

    Plaintiff,

v.                                          Case No. 3:16cv713-MCR-CJK

GENE'S WRECKER SERVICE, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's Motion for Final Default Judgment. (Doc. 31). Defendant did not respond in opposition. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After reviewing the motion and attached evidence, the undersigned recommends the motion be granted in part and denied in part.

## BACKGROUND AND PROCEDURAL HISTORY

The amended complaint alleges defendant Gene's Wrecker Service, Inc., violated the Servicemembers Civil Relief Act ("SCRA"), and is liable for conversion and negligence under Florida law.[1] (Doc. 18). After defendant filed an answer (doc.

---

[1] Plaintiff voluntarily dismissed the claim against the second named defendant, Auto Data Direct, Inc. (Doc. 23).

22), its attorney moved to withdraw (doc. 26).  The court granted the motion and ordered defendant, a Florida corporation, to retain substitute counsel or face entry of default.  (Doc. 27).  After defendant failed to retain counsel, the clerk entered a default.  (Docs. 29-30).  Plaintiff subsequently moved for entry of default judgment, seeking $17,359 in compensatory damages and $50,000 in punitive damages.  (Doc. 31).

The factual allegations in the amended complaint, admitted as true by defendant's default,[2] establish the following.  Plaintiff is an active-duty member of the United States Army.  On October 15, 2013, plaintiff purchased a 2006 Dodge Ram 1500 in North Carolina.  In December 2015, while plaintiff was stationed in Italy, defendant towed plaintiff's car from Eglin Air Force Base to defendant's storage lot in Niceville, Florida.  The vehicle "bore a United States Department of Defense automobile pass decal, which was required to allow access to Eglin Air Force Base."  Without providing notice to plaintiff, defendant claimed a storage lien against the car and sold it at auction on May 30, 2016, while plaintiff was deployed.

## DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

---

[2] *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]").

otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  After a plaintiff obtains a clerk's default, he "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).  "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (*quoting Nishimatsu*, 515 F.2d at 1206).  "The requisite factual showing for a default judgment is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (*citing Surtain*, 789 F.3d at 1245).

Plaintiff's well-pleaded factual allegations are sufficient to state a claim under the SCRA.  The SCRA provides:

> (1) Limitation on foreclosure or enforcement.  A person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects without a court order granted before foreclosure or enforcement.
>
> (2) Lien defined.  For the purposes of paragraph (1), the term "lien" includes a lien for storage, repair, or cleaning of the property or effects of a servicemember or a lien on such property or effects for any other reason.

50 U.S.C. § 3958(a).[3]  The amended complaint alleges: (1) during all relevant times, plaintiff was an active duty member of the U.S. Army; (2) defendant towed

---

[3] The SCRA expressly provides that a person aggrieved by a violation of the statute may seek monetary damages in a civil action.  *See* 50 U.S.C. § 4042(a).

Case No. 3:16cv713-MCR-CJK

plaintiff's vehicle from Eglin Air Force Base to defendant's lot and enforced a storage lien against the vehicle; and (3) defendant failed to obtain a court order, as required by the SCRA, before enforcing the lien and selling plaintiff's vehicle. These allegations establish a violation of 50 U.S.C. § 3958(a)(1). *See Gordon v. Pete's Auto Serv. Of Denbigh, Inc.*, 837 F. Supp. 2d 581, 585 (E.D. Va. 2011) (Section 3958 "is a strict liability statute; it does not require proof of any *mens rea* to establish civil liability.").

Similarly, plaintiff's allegations are sufficient to state a claim for conversion under Florida law. "The essence of the tort of conversion is the exercise of wrongful dominion or control over property to the detriment of the rights of the actual owner." *Seymour v. Adams*, 638 So.2d 1044, 1046-47 (Fla. 5th DCA 1994). "The tort may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right to possession, since malice is not an essential element of the action." *Id.* at 1047.

The amended complaint alleges defendant sold plaintiff's vehicle without obtaining the court order required by the SCRA. Defendant, therefore, wrongfully asserted control over the vehicle in a manner inconsistent with plaintiff's ownership rights. *See Gordon v. Pete's Auto Serv. Of Denbigh, Inc.*, 838 F. Supp. 2d 436, 440-41 (E.D. Va. 2012) (granting summary judgment to plaintiff on conversion claim; "[b]ecause the defendant had no legal right to take title to the [vehicle] without first

obtaining a court order [under the SCRA], its acquisition of the vehicle constitutes the wrongful exercise of dominion or control over the plaintiff's property, depriving the plaintiff of possession").

The amended complaint's allegations are also sufficient to state a claim for negligence. Under Florida law, "[t]he three elements a plaintiff must plead and prove in a cause of action sounding in negligence are: (1) the existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff; (2) a failure on the part of the defendant to perform that duty; and (3) an injury or damage to the plaintiff proximately caused by such failure." *Kenz v. Miami-Dade Cty.*, 116 So. 3d 461, 464 (Fla. 3d DCA 2013).

Florida law provides that tow companies are required to notify a vehicle's registered owner, and any lienholders: (1) that the company claims a lien for recovery, towing, or storage services; and (2) the date of a public sale of the vehicle. *See* Fla. Stat. § 713.78(4)(a), (6). Plaintiff alleges defendant did not notify either him or Carmax (the vehicle's lienholder) the vehicle had been towed, that defendant claimed a lien for towing and storage, or that the vehicle would be sold at auction. Plaintiff also alleges defendant failed to make a good-faith search of the vehicle to determine its rightful owner, as required by Fla. Stat. § 713.78(4)(d). The amended complaint, therefore, states a claim for negligence.

Based on the foregoing, plaintiff seeks a total of $67,359 in damages, composed of $17,359 in compensatory damages and $50,000 in punitive damages. To support the award of compensatory damages, plaintiff presented his own declaration (doc. 31-2), as well as the declaration and expert witness report of accountant Byron Brown (docs. 31-3, 31-4). This evidence describes the value of the vehicle plaintiff lost, as well as the alternative transportation expenses plaintiff incurred due to the loss of the vehicle. Thus, the evidence is sufficient to demonstrate plaintiff's immediate entitlement to the requested compensatory damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (noting hearing on a motion for default judgment is not needed "when the district court already has a wealth of evidence . . . , such that any additional evidence would be truly unnecessary to a fully informed determination of damages.").

Punitive damages are available under both the SCRA and Florida law. *See Gordon*, 837 F. Supp. 2d at 587 ("Punitive damages are . . . available for willful and wanton violation of the SCRA."); Fla. Stat. § 768.72(2) ("A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence."). An award of punitive damages, however, is generally not appropriate without a hearing. *See Jenkins v. Clerk of Court, U.S. Dist. Court, S. Dist. of Fla.*, 150 F. App'x 988, 989-90 (11th Cir. 2005) ("Punitive damages are not

a certain or ascertainable sum, and cannot be entered without a hearing."); *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1543-44 (11th Cir. 1985) (holding "a judgment of default awarding cash damages could not properly be entered 'without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation'") (*quoting United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Plaintiff, however, did not request such a hearing.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's Motion for Final Default Judgment (doc. 31) be GRANTED IN PART and DENIED IN PART. That a default judgment be entered against defendant as to liability with respect to plaintiff's SCRA, conversion, and negligence claims. That a default judgment be entered in favor of plaintiff for compensatory damages in the amount of $17,359. That the damages amount shall bear interest at the rate prescribed by 28 U.S.C. § 1961, and shall be enforceable as prescribed by Rule 69(a) of the Federal Rules of Civil Procedure.

At Pensacola, Florida, this 16th day of August, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:16cv713-MCR-CJK