**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**DANIEL ENSLEY,**

> **Plaintiff,**

**v.**                                                    **CASE NO. 3:16-CV-713-MCR-CJK**

**GENE'S WRECKER SERVICE, INC.,**

> **Defendant.**

_____/

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation dated August 16, 2018, *see* ECF No. 32. The parties have been furnished with a copy of the Report and Recommendation and were afforded an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). The Court has made a *de novo* determination of the timely filed objections, *see* ECF No. 35.

In his Motion for Default Judgment, Ensley requested $17,359 in compensatory damages and $50,000 in punitive damages, *see* ECF No. 31. However, the Magistrate Judge determined that he could not recommend an award for punitive damages because Ensley failed to request a hearing on the issue. Instead, the Magistrate Judge recommended that Ensley only be awarded $17,359 in compensatory damages. Regarding the issue of punitive damages, Ensley filed an Objection, arguing that the

absence of a hearing is not a basis to deny the award of such damages. The Court agrees.

In evaluating whether to enter a default judgment, allegations regarding the amount of damages are not admitted by virtue of default. Rather, the court must determine both the amount and character of damages. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Therefore, even in the context of a default judgment, a court has an obligation to assure that there is a legitimate basis for any damage award it enters. *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). In the event the record is inadequate, Rule 55(b)(2)(B) provides that, "[t]he court may conduct hearings … to determine the amount of damages." As such, a hearing on damages is permitted but may not be necessary if there is already essential evidence in the record, such as detailed affidavits reflecting the basis for the award. *See Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015); *SEC v. Smyth*, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005); *Adolph Coors*, 777 F.2d at 1544; *see also Pinnacle*

*Fin. Grp., Inc. v. TriStar Acceptance, LLC*, No. 16-62169-CIV, 2017 WL 7355331, at *2 (S.D. Fla. July 17, 2017), *report and recommendation adopted*, No. 16-62169-CIV, 2017 WL 7362290 (S.D. Fla. Aug. 9, 2017) (recommending a final default judgement against defendant in the amount of $165,268.88 ($41,317.22 in compensatory damages and $123,951.66 in punitive damages) for the intentional tort of conversion).

Accordingly, the Magistrate Judge's Report and Recommendation, ECF No. 32, is **ADOPTED IN PART** and **REJECTED IN PART**:

1. Default Judgment is **ENTERED** against Defendant as to liability with respect to Plaintiff's SCRA, conversion, and negligence claims.

2. The Court also **ADOPTS** the Magistrate Judge's recommendation awarding Plaintiff $17,359 in compensatory damages.

3. The Court **REJECTS** the Magistrate Judge's recommendation to not award punitive damages. The issue of punitive damages is recommitted to the Magistrate Judge for further consideration. If necessary, an evidentiary hearing may be held pursuant to Fed. R. Civ. P. 55(b)(2)(B).

**DONE AND ORDERED** this 27th day of January 2019.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**