UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL ENSLEY,

    Plaintiff,

v.                                      Case No. 3:16cv713-MCR-CJK

GENE'S WRECKER SERVICE, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On August 16, 2018, the undersigned entered a report recommending: (1) that plaintiff's Motion for Final Default Judgment (doc. 31) be granted in part and denied in part; (2) that a default judgment be entered against defendant as to liability with respect to plaintiff's Servicemembers Civil Relief Act ("SCRA"), conversion, and negligence claims; (3) that a default judgment be entered in favor of plaintiff for compensatory damages in the amount of $17,359; and (4) that plaintiff's request for $50,000 in punitive damages be denied. (Doc. 32). The District Judge adopted the portions of the Report and Recommendation concerning liability and compensatory damages, but rejected the portion regarding punitive damages and recommitted it to the undersigned for further consideration. (Doc. 36). After considering plaintiff's submissions and the relevant law, the undersigned recommends that plaintiff be awarded $50,000 in punitive damages.

## BACKGROUND[1]

At the time this action commenced, plaintiff was an active-duty member of the United States Army.  On October 15, 2013, plaintiff purchased a 2006 Dodge Ram 1500 in North Carolina.  In December 2015, while plaintiff was stationed in Italy, defendant towed plaintiff's car from Eglin Air Force Base to defendant's storage lot in Niceville, Florida.  The vehicle "bore a United States Department of Defense automobile pass decal, which was required to allow access to Eglin Air Force Base."  Without providing notice to plaintiff, defendant claimed a storage lien against the vehicle and sold it at auction on May 30, 2016, while plaintiff was deployed.

## DISCUSSION

"Compensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct.  By contrast, punitive damages serve a broader function; they are aimed at deterrence and retribution."  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (citations and quotations omitted); *see also Kemp v. Am. Tel. & Tel. Co.*, 393 F.3d 1354, 1364 (11th Cir. 2004) ("[T]he traditional purposes underlying an award of punitive damages . . . are to punish and deter.") (*citing BMW of N. Am., Inc., v. Gore*,

---

[1] *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]").

Case No. 3:16cv713-MCR-CJK

517 U.S. 559, 568 (1996)).  Punitive damages are available under the SCRA.  *See Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 837 F. Supp. 2d 581, 587 (E.D. Va. 2011) ("Punitive damages are . . . available for willful and wanton violation of the SCRA.").  "The key fact at issue with respect to punitive damages under the SCRA is whether [defendant] knew [plaintiff's vehicle] belonged to a servicemember when it put the vehicle up for auction . . . and then sold the vehicle to a third party." *Id.* at 587-88.

In addition, under Florida law, "[a] defendant may be held liable for punitive damages . . . if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence."  Fla. Stat. § 768.72(2).  "'Gross negligence' means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct."  Fla. Stat. § 768.72(2)(b); *see also Foley v. Dick*, 436 So. 2d 139, 141 (Fla. 2d DCA 1983) ("In suits for conversion, punitive damages are allowable where the circumstances surrounding the conversion are such as to show . . . such gross negligence as to indicate a wanton disregard of the rights of others[.]") (citation omitted).

Plaintiff has demonstrated entitlement to punitive damages under both the SCRA and Florida law.  With respect to the SCRA, the evidence is sufficient to establish defendant had actual knowledge the vehicle belonged to a servicemember

because: (1) defendant towed the vehicle from Eglin Air Force Base; (2) the vehicle bore a U.S. Department of Defense automobile pass decal, which was required to access Eglin Air Force Base; and (3) the vehicle's glove compartment contained a copy of the military orders assigning plaintiff to the Caserma Ederle Army Base in Vicenza, Italy.

With respect to the conversion claim, defendant's failure to comply with the SCRA and Florida law when selling plaintiff's vehicle represents a conscious disregard for plaintiff's property rights. *See Atkins v. Parker*, 472 U.S. 115, 130 (1985) (Defendant is "presumptively charged with knowledge of the law."). Defendant did not: (1) notify plaintiff his vehicle had been towed and that defendant was claiming a lien for the towing and storage as required by Fla. Stat. § 713.78(4)(a); (2) notify plaintiff the date of the public sale as required by Fla. Stat. § 713.78(6); and (3) obtain a court order before enforcing the lien and selling the vehicle as required by the SCRA, 50 U.S.C. § 3958(a).  Plaintiff, therefore, is entitled to an award of punitive damages.

A hearing is not necessary to fix the amount of punitive damages in this case. *See Padilla v. Midtown Towing of Miami, Inc.*, Case No. 1:12cv23739-MGC, Doc. 14 (S.D. Fla. Jan. 11, 2013) (granting default judgment in case alleging violation of the SCRA and conversion under Florida law, and awarding $50,000 in punitive damages without a hearing); *Pa. Nat'l Mut. Cas. Ins. Co. v. Edmonds*, Civil Action

No. 09-0089-WS-B, 2010 WL 761332, at *7-8 (S.D. Ala. Mar. 3, 2010) (awarding plaintiff $150,000 in punitive damages without a hearing); *EEOC v. Workplace Staffing Sols.*, Cause No. 1:15cv360-LG-RHW, 2016 WL 3676656, at *3 (S.D. Miss. July 7, 2016) (awarding punitive damages based on plaintiffs' affidavits); *see also James v. Frame*, 6 F.3d 307, 309-11 (5th Cir. 1993) (holding district court did not abuse its discretion when awarding punitive damages without a hearing).

Plaintiff seeks $50,000 in punitive damages. Courts reviewing punitive damages awards consider three guideposts: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the ratio between the actual or potential harm suffered by the plaintiff (compensatory damages) and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1282 (11th Cir. 2008) (*citing Gore*, 517 U.S. at 575).

Defendant ignored state and federal law to sell plaintiff's vehicle. Defendant's actions thwarted the express purpose of the SCRA, which is: (1) "to provide for, strengthen, and expedite the national defense through protection extended by this chapter to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their

military service." 50 U.S.C. § 3902; *see also Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 838 F. Supp. 2d 436, 444 n.3 (E.D. Va. 2012) (Case alleging violation of the SCRA "involves a national policy of high priority."). In addition, the ratio of the requested punitive damages to compensatory damages, 2.88 to 1, is not excessive and comports with due process. *See State Farm*, 538 U.S. at 425 ("Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution[.]").

Considering the third guidepost, the SCRA provides that the Attorney General may commence a civil action against any person who "engages in a pattern or practice of violating [the SCRA]" or "engages in a violation of [the SCRA] that raises an issue of significant public importance" and the court "may, to vindicate the public interest, assess a civil penalty . . . in an amount not exceeding $55,000 for a first violation." 50 U.S.C. § 4041(a), (b)(3)(1). The existence of a $55,000 civil penalty under the SCRA supports the reasonableness of plaintiff's request for $50,000 in punitive damages. *See Gore*, 517 U.S. at 583 ("Comparing the punitive damages award and the civil or criminal penalties that could be imposed for comparable misconduct provides a third indicium of excessiveness.").

Based on the foregoing, plaintiff's request for $50,000 in punitive damages is appropriate and consistent with what similarly-situated defendants have paid in similar cases. *See Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, Case No.

Case No. 3:16cv713-MCR-CJK

4:08cv124-FBS, Doc. 135 (E.D. Va. May 8, 2012) (entering consent judgment wherein the defendant agreed to pay punitive damages of $60,000 for violating the SCRA and committing conversion under Virginia law); *Padilla, supra*.

Accordingly, it is respectfully RECOMMENDED:

That an amended default judgment be entered in favor of plaintiff for $17,359 in compensatory damages and $50,000 in punitive damages, for a total of $67,359.

At Pensacola, Florida, this 4th day of February, 2019.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.